**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 11:39 AM March 18, 2019**

**Russ Kendig**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| JEFFREY L. LONGWELL AND ) | CASE NO. 18-41862 |
| SUNNIE M. LONGWELL, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |
| ) | |

This case is before the court for confirmation of Debtors' plan.

The court has jurisdiction of this case and matter under 28 U.S.C. § 1334. It is a statutorily core matter under 28 U.S.C. § 157(b)(2)(L) and the court has the authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a chapter 13 case on September 7, 2018. Per the Notice of Chapter 13 Bankruptcy Case, objections to confirmation were due seven days before the confirmation

hearing date, November 29, 2018. In section 3.2 of the plan, they list a claim that is subject to valuation under § 506. They propose to value a 2014 Ford for $8,500. The estimated claim is $11,000. The creditor, DBS Financial ("DBS"), filed a proof of claim for $10,770, stating the value of the collateral is $10,770.

Debtors used 711 Johnston Street, Suite 1B, Akron, OH 44306 in the creditors' matrix. The plan and 341 notice were served to DBS by the BNC electronically at andrew.o@dbsfin.com on September 10, 2018.

On September 10, 2018, the court issued a Notice of Filing Deficiency for Debtors' failure to serve the plan in accordance with General Order 17-1. On September 14, 2018, Debtors filed a certificate of service certifying that the plan was served on September 14, 2018 by certified mail to DBS Financial, 711 Johnston Street, Suite 1B, Akron, OH 44306.

On February 28, 2019, after receiving a confirmation for signature, the court issued an order denying confirmation because Debtors failed to serve the plan "in accordance with Federal Bankruptcy Rules 3012(b), 7004 and General Order 17-1." It provided Debtors until March 22, 2019 to act.

On March 5, 2019, Debtors filed an amended certificate of service. They certify that on March 5, 2019, they served DBS Financial by certified mail at 2823 Gilchrist Road, Akron, OH 44305, and also served DBS' statutory agent, Samuel Snellenberger II, at the same address.

## DISCUSSION

Section 3.2 of the national form plan provides a mechanism for a debtor to cramdown secured debts through the plan. When done properly, the confirmation order will establish the value of the lien. Any remaining balance is deemed unsecured and paid as a general unsecured claim.

In applicable part, Bankruptcy Rule 3012(b) states that when a request to value a secured claim is made through a chapter 13 plan, "the plan shall be served on the holder of the claim and any other entity the court designates in the manner provided for service of a summons and complaint by Rule 7004." Proper service is a hallmark of due process.

> The fundamental purpose for requiring proper service is to ensure that the defendant is both placed on notice of the commencement of the legal action and afforded an opportunity to present his objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314[, 70 S.Ct. 652, 94 L.Ed. 865] (1950); Tarbox v. Walters, 192 F.Supp. 816, 817 (E.D. Pa. 1961); Secrhist v. Palshook, 97 F.Supp. 505, 507 (M.D.Pa. 1951). The notice provide by service of the process must be reasonably calculated to convey the required information and must afford the defendant a reasonable period of time in which to make an appearance. Mullane, 339 U.S.

> at 314[, 70 S.Ct. 652]. In the context of serving a corporation, service is proper if made on an individual whom one could reasonably expect will forward notice fo the pending lawsuit to his corporate superiors. Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204 (E.D.Pa. 1971). The burden of demonstrating proper service of process lies on the plaintiff/server. Gottlieb v. Sandia American Corp., 452 F.2d 510, 513 (3d Cir.), *cert. denied*, 404 U.S. 938[, 92 S.Ct. 274, 30 L.Ed.2d 250] (1971).

In re Butts 350 B.R. 12, 21 (Bankr. E.D. Penn. 2006) (quoting Baldwin v. Celotex Corp., 1986 WL 13299, *1 (E.D.Pa. Nov. 17, 1986)). The advisory committee notes to Bankruptcy 7004 also state that "service of the summons is the means by which the court obtains personal jurisdiction over a defendant."[1] Without proper service, the court's authority to act is impaired.

Service of the plan on a creditor impacted by section 3.2 is intended to provide the creditor with notice of the cramdown, including the proposed value of the security, and provide the creditor with an opportunity to appear and protect its rights, specifically, to contest the valuation. Since the confirmation order establishes the value, it is imperative that the creditor receive notice *before* confirmation.

In this case, Debtors only properly served the plan three months *after* the deadline to object to confirmation and the confirmation hearing passed. The confirmation hearing was scheduled on November 29, 2018, making the deadline to object to confirmation November 22, 2019. Service of the plan on March 5, 2019 served no purpose. It gave the creditor no opportunity to object. It would have only given notice of what had been done. Debtors' service on March 5 was like calling a family member to supper after it was consumed.

DBS needs to be served in a manner that affords it due process, including an opportunity to file a timely objection to confirmation. Debtors therefore need to serve the plan with a new confirmation hearing and deadline to object to confirmation. Until they do so, the court cannot confirm the plan.

An order will be issued immediately.

#    #    #

---

1 Per the Ohio Secretary of State online records, DBS Financial is a fictitious name for Debois, Inc. Rule 7004(b)(3) governs service to domestic corporations, allowing first class mail service to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service . . . ." Debtors failed to serve the corporation in accordance with Rule 7004(b)(3). Bankruptcy Rule 7004(b)(8) also allows for first class mail service "to an agent . . . authorized by appointment or by law to receive service of process at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on business or profession . . . ." Debtors served DBS' agent at the address listed in the Statutory Agent Update filed on June 12, 2018.

**Service List:**

Eric James Ashman
26 Market Street
Suite 1001
Youngstown, OH 44503

DBS Financial
2823 Gilchrist Rd.
Akron, OH   44305

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505